**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:26-cv-20668-WILLIAMS-XXXX

NORMA O. GAZONNI,

    Plaintiff,

v.

BEALLS 1987 INC.,

Foreign Profit Corporation,

d/b/a BEALLS,

    Defendant.

_____/

**DEFENDANT BEALLS 1987 INC. d/b/a BEALLS'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Defendant, Bealls 1987 Inc., Foreign Profit Corporation, d/b/a Bealls ("Defendant"), hereby submits its Answer and Affirmative Defenses to the Complaint of Plaintiff, Norma O. Gazonni (the "Plaintiff") and states as follows:

**GENERAL DENIAL**

Defendant denies any allegation, implication, or suggestion that it has committed a violation of or that Plaintiff is entitled to any relief pursuant to, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (the "ADA"), including, but not limited to, those in all unnumbered and numbered introductions, allegations, captions, titles, and paragraphs of the Complaint. Moreover, Defendant denies any liability to Plaintiff and denies any allegation not

CASE NO.: 1:26-cv-20668-WILLIAMS-XXXX

specifically admitted in this Answer. Defendant reserves the right to seek to amend and/or supplement its Answer as may be necessary.

Defendant responds to the individual numbered paragraphs of the Complaint by correspondingly numbered paragraphs, as follows:

## ANSWER

### INTRODUCTION AND NATURE OF THE ACTION

1. Defendant admits that this Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 and the ADA, and that Plaintiff seeks declaratory and injunctive relief, but denies that there are any valid grounds to support this action.

2. Defendant admits Plaintiff states how she defines the terms "blind" or "visually impaired" and "disable" [*sic.*] as they are used in the Complaint. Defendant lacks knowledge or information sufficient to form a belief concerning the remaining allegations in Paragraph 2 of the Complaint, and therefore denies them.

3. Defendant admits it is not contesting whether venue is proper in this Court but denies any remaining allegations in Paragraph 3 of the Complaint.

4. Defendant admits Plaintiff seeks a permanent injunction to cause a change in Defendant's policies and procedures so that Defendant's website, https://www.bealls.com (the "Website"), will become, and remain, accessible to the blind in Paragraph 4 of the Complaint, but denies the Website is not accessible. Defendant admits Plaintiff seeks injunctive relief, attorneys' fees and costs but denies she is entitled to any such relief. Defendant denies the remaining allegations in Paragraph 4 of the Complaint and denies that Plaintiff is entitled to any relief whatsoever.

2

5. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in the first sentence of Paragraph 5 of the Complaint and therefore denies them. Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant admits that the Website allows purchase of the same merchandise online or at the brick-mortar store. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant admits that it operates the Website and that it owns several clothing stores located in Florida.

8. Defendant admits in Paragraph 8 of the Complaint that each Bealls store that is open to the public is open to the public and that such stores that are open to the public are places of public accommodation. Defendant denies any remaining allegations in Paragraph 8 of the Complaint.

9. Defendant admits in Paragraph 9 of the Complaint that Plaintiff brings this action under the ADA in Federal Court.  Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant states that Paragraph 10 of the Complaint contains no allegations directed to Defendant, and therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant states that Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies them.

12. Defendant states that Paragraph 12 of the Complaint contains no allegations directed at Defendant, and therefore, no response is required.

CASE NO.: 1:26-cv-20668-WILLIAMS-XXXX

13.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies them.

14.     Defendant states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 14 of the Complaint. Defendant admits that it sells products through the Website and that the Website contains a store locator feature. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15.     Defendant admits in Paragraph 15 of the Complaint that the Website offers the same or similar goods available in Defendant's brick-and-mortar stores, and that consumers can access product information, locate Defendant's stores and purchase merchandise 24 hours a day, seven days a week.   Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16.     Defendant admits in Paragraph 16 of the Complaint only that the Website operates as an extension of Defendant's brick-and-mortar locations, which are places of public accommodation within the meaning of the ADA and denies any remaining allegations.

17.     Defendant admits that the ADA provision in Paragraph 17 of the Complaint speaks for itself and is the best source of its terms and content. Defendant denies it discriminates against individuals with disabilities and denies any remaining allegations in Paragraph 16 of the Complaint.

18.     Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 18 of the Complaint and therefore denies the same and demands strict proof .

19.     Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 19 of the Complaint and therefore denies the same and demands strict proof.

20.     Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 20 of the Complaint and therefore denies the same and demands strict proof.

21.     Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 21 of the Complaint and therefore denies the same and demands strict proof.

22.     Defendant denies the allegations in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Defendant admits the allegations in Paragraph 25 of the Complaint but denies Plaintiff is entitled to any relief.

26.     Defendant admits the allegations in the first sentence of Paragraph 26 of the Complaint.  Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 26 of the Complaint and therefore denies them.

27.     Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 27 of the Complaint and therefore denies them .

28.     Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 28 of the Complaint and therefore denies them.

29.     Defendant admits that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 1343.  Defendant admits Plaintiff seeks injunctive relief, but denies she is entitled to any relief. Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 29 of the Complaint and therefore denies them.

30.     Defendant admits the allegations in the first and last sentences in Paragraph 30 of the Complaint. Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

## THE PARTIES

31.     Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore denies them.

32.     Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and therefore denies them.

33.     Defendant admits the allegations in the last two sentences in Paragraph 33 of the Complaint and denies any remaining allegations.

34.     Defendant admits in Paragraph 34 of the Complaint that it owns or manages BEALLS stores operating in Florida and the stores are public accommodations but denies any remaining allegations.

35.     Defendant admits that it has affiliates that engage in the sale of apparel throughout the country, including in Florida, but denies any remaining allegations in Paragraph 35 of the Complaint.

## FACTS

36. Defendant admits its stores are places of public accommodation but denies any remaining allegations in Paragraph 36 of the Complaint.

37. Defendant admits the allegations in Paragraph 37 of the Complaint.

38. Defendant admits the allegations in Paragraph 38 of the Complaint.

39. Defendant admits the allegations in Paragraph 39 of the Complaint.

40. Defendant admits the allegations in Paragraph 40 of the Complaint.

41. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in the first three sentences of Paragraph 41 of the Complaint and therefore denies them. Defendant denies the allegations in subparts (a. – g.) of Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations Paragraph 43 of the Complaint and therefore denies them.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

## AMERICANS WITH DISABILITIES ACT

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. The ADA speaks for itself and is the best source of its terms and content and therefore no response to Paragraph 46 of the Complaint is necessary.  To the extent a response is required, the allegations in Paragraph 46 of the Complaint are denied.

47. Regarding the first two sentences in Paragraph 47 of the Complaint, the ADA speaks for itself and is the best source of its terms and content and therefore no response to the first two sentences in Paragraph 46 of the Complaint is necessary.  Defendant admits the last sentence in Paragraph 47 of the Complaint.

48.    The allegations in Paragraph 48 of the Complaint are not directed at Defendant and therefore no response is necessary. To the extent a response is required, the allegations in Paragraph 48 of the Complaint are denied.

49.    "Binding Court" speaks for itself and is the best source of its holdings and therefore no response to Paragraph 49 of the Complaint is necessary. To the extent a response is required, the allegations in Paragraph 49 of the Complaint are denied.

50.    Defendant admits the allegations in the last two sentences of Paragraph 50 of the Complaint. The remaining allegations in Paragraph 50 are denied.

51.    The ADA's regulation speaks for itself and is the best source of its terms and content and therefore no response to Paragraph 51 of the Complaint is necessary.  To the extent a response is required, the allegations in Paragraph 51 of the Complaint are denied.

52.    Defendant denies the allegations in Paragraph 52 of the Complaint.

53.    Defendant denies the allegations in Paragraph 53 of the Complaint.

54.    Defendant denies the allegations in Paragraph 54 of the Complaint.

55.    Defendant denies the allegations in Paragraph 55 of the Complaint.

56.    Defendant denies the allegations in Paragraph 56 of the Complaint.

57.    Defendant denies the allegations in Paragraph 57 of the Complaint.

58.    Defendant denies the allegations in Paragraph 58 of the Complaint.

59.    Defendant denies the allegations in Paragraph 59 of the Complaint.

60.    The ADA's regulation speaks for itself and is the best source of its terms and content and therefore no response to Paragraph 60 of the Complaint is necessary.  To the extent a response is required, the allegations in Paragraph 60 of the Complaint are denied.

61. "Binding case law" speaks for itself and is the best source of its holdings and therefore no response to Paragraph 61 of the Complaint is necessary. To the extent a response is required, the allegations in Paragraph 61 of the Complaint are denied.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant admits that Plaintiff alleges she has retained the law office of Brasil & Brasil P.A. – Lorena Brasil, has agreed to pay a reasonable fee for services in the prosecution of this cause, and is entitled to have her reasonable attorneys' fees, costs and expenses paid by Defendant in Paragraph 65 of the Complaint, but denies that Plaintiff is entitled to have her reasonable attorneys' fees, costs and expenses paid by Defendant or any other relief.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

66. The ADA's regulation speaks for itself and is the best source of its terms and content and therefore no response to Paragraph 66 of the Complaint is necessary. To the extent a response is required, the allegations in Paragraph 66 of the Complaint are denied.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. The ADA speaks for itself and is the best source of its terms and content and therefore no response to Paragraph 68 of the Complaint is necessary. To the extent a response is required, the allegations in Paragraph 68 of the Complaint are denied.

69. The ADA speaks for itself and is the best source of its terms and content and therefore no response to Paragraph 69 of the Complaint is necessary. To the extent a response is required, the allegations in Paragraph 69 of the Complaint are denied.

70.    The ADA speaks for itself and is the best source of its terms and content and therefore no response to Paragraph 70 of the Complaint is necessary.  To the extent a response is required, the allegations in Paragraph 70 of the Complaint are denied.

71.    Defendant denies the allegations in Paragraph 71 of the Complaint.

72.    Defendant denies the allegations in Paragraph 72 of the Complaint.

73.    Defendant admits that this Court is vested with the authority to grant Plaintiff injunctive relief as alleged in Paragraph 73 of the Complaint and its subparts (a) – (f) but denies Plaintiff is entitled to any relief.

74.    Defendant admits that Plaintiff has no adequate remedy at law as alleged in Paragraph 74 of the Complaint but denies Plaintiff is entitled to any remedy.

**DEMAND FOR RELIEF**

Regarding the Wherefore clause following Paragraph 74 of the Complaint, and its corresponding subsections, (a) through (g), Defendant denies that any grounds exist for declaratory, injunctive, or equitable relief, or for attorneys' fees, costs, and expenses, or any other relief against Defendant and for Plaintiff.  Defendant further denies all captions, headings, titles, introductory paragraphs and allegations in the Complaint not specifically admitted in this Answer.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because she lacks standing to bring some or all of the claims alleged in the Complaint.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has requested relief that is either not required under the law or that regard elements that are already in compliance with the ADA.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the relief demanded would, if granted, result in a fundamental alteration to the way that Defendant provides goods and services to the public, or is otherwise not required as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has demanded modifications that would create an undue burden on Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Defendant provides effective communication for persons who are blind or vision impaired to allow them to transact business of the same nature as persons without vision-related disabilities using the Website.

## SIXTH AFFIRMATIVE DEFENSE

Prior to the filing of this lawsuit Plaintiff did not make a request for an auxiliary aid or service which was denied by Defendant and therefore Plaintiff's ADA claims should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

The Website is not a *place of public accommodation* under the ADA and therefore Plaintiff's claims should be dismissed.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because there is not a nexus between the Website and any

physical location.

## NINTH AFFIRMATIVE DEFENSE

Defendant asserts all other defenses that may potentially become available as a result of information developed through discovery and any trial.

## CLAIM FOR ATTORNEYS' FEES

Defendant has retained the law firm of Greenberg Traurig, P.A., and has agreed to pay it a reasonable fee for its services.  Pursuant to 28 U.S.C. §1927 and 42 U.S.C. §12205, and applicable law, Defendant is entitled to recover attorneys' fees and costs incurred in this action.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 SE 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile:  (305) 579-0717

By:          /s/ Robert S. Fine
ROBERT S. FINE
Florida Bar No. 155586
E-mail: finer@gtlaw.com
          burkek@gtlaw.com
TAIMAISU FERRER SIN
Florida Bar No. 1068819
E-mail: Taimaisu.FerrerSin@gtlaw.com

12

CASE NO.: 1:26-cv-20668-WILLIAMS-XXXX

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of March, 2026 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

        /s/ Robert S. Fine

        ROBERT S. FINE

**SERVICE LIST**
*Norma O. Gazonni v. Bealls 1987 Inc. d/b/a Bealls*
**Case No.: 1:26-cv-20668-WILLIAMS-LETT**
**United States District Court, Southern District of Florida**

**Lorena Brasil**
    FBN: 1049012

Brasil , Brasil PA
    941 W Morse Blvd
    Suite 100
    Winter Park, FL 32789
    689-610-8055
    lorena.brasil@bblawfirm.us

*Counsel For Norma O. Gazonni*